## DWINELL *versus* LARRABEE.

The 35th rule of this Court, requiring previous notice to be given to the adverse party, to produce written evidence in his possession, in order to let in secondary evidence of its contents, is dispensed with, by the voluntary offer of the party to produce it.

And if on searching, the written evidence cannot be found, and no request is made for further time, secondary evidence is then admissible.

In an action by one tenant in common against the other, for selling stumpage from the common land without authority, it is no defence that the plaintiff, previously, had wrongfully sold stumpage from the same land.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

TRESPASS, for treble damages, under the statute, for cutting timber on land owned by the parties in common.

Dwinell *v.* Larrabee.

The facts proved on the trial, appear in the opinion of the Court. By one witness introduced by plaintiff, it appeared that in the winter previous to the cutting complained of in this suit, the plaintiff had given permission to the witness to cut on the same land. It also appeared that he had paid the defendant his proportion of that stumpage.

On this part of the case, the presiding Judge instructed the jury, "that so far as the evidence related to authority to cut having been given the year before, and the money having been received therefor by plaintiff, it at most only disclosed an unauthorized interference by plaintiff, for which he might be liable to defendant, but that it constituted no defence to this suit."

A verdict was returned for plaintiff, and the defendant excepted to the above instruction, and also to other rulings which appear in the opinion.

*Cutting*, for defendant.

1. The admission of evidence as to the contents of the letter to defendant was wrong. No previous notice had been given to produce it, and the hasty search during a few moments could not be sufficient evidence of its loss. The defendant was not obliged to search during the progress of the trial. 35th Rule of this Court.

2. The conversation between Ranney and Coombs should have been excluded, for there is no evidence that it related to the premises embraced in this suit.

3. The effect of the fact put into the case that the plaintiff had the year previous *permitted* this land, should have been left to the jury. But they were not allowed to consider it. Under a statute so penal, an inference might properly have been drawn of a mutual understanding, that either party might *permit.*

*Rowe & Bartlett*, for plaintiff, as to the construction of the Act under which this action is brought, cited 15 Maine, 198; and whether the cutting was by plaintiff, was a question for the jury; that it was their province to find not only

Dwinell *v.* Larrabee.

the words and acts of defendant, but the meaning of them, and cited *Copeland* v. *Hall*, 29 Maine, 93.

TENNEY, J. — The action is brought by virtue of R. S., c. 129, § 7. The parties were tenants in common of the land, on which the timber spoken of by witnesses as having been cut in the winter of 1850–51, was previously standing. Evidence was introduced by the plaintiff, that certain timber was cut upon the lands, owned in common by him and the defendant, by permission of the latter, who received payment for the same.

Samuel W. Coombs testified, that in the winter of 1851, the defendant informed him in Bangor, that one Ranney had said something to him about going on to No. 4 town; and requested him to say to Ranney, that he had no objection; and he requested the witness to scale the timber, which Ranney should cut. Ranney testified, that he wrote to the defendant a letter, saying, if that was to be permitted, he should like to have it. He received no reply to the letter, but Coombs told him, he had word from the defendant, that he was willing the witness should go on to that part, he designated. The conversation between Ranney and Coombs was objected to.

The defendant objected to the contents of Ranney's letter to him being shown by parol. The defendant then offered to produce the letter; but being unable to find it, the evidence was received, and the objection overruled.

It appeared in evidence, that Ranney had lumbered on the gore in the same township, the previous winter, and cut 72 tuns of juniper timber. One Oakes, who attended to the plaintiff's business, gave the permit, and the witness paid the stumpage to the plaintiff. It was admitted, that the latter paid the defendant, the proportion of the stumpage, which belonged to him.

By the thirty-fifth rule of this Court, which is that "where written evidence is in the hands of the adverse party, no evidence of its contents will be admitted unless *previous no-*

*tice*, to produce it on trial, has been given," the secondary evidence of Ranney's letter to the defendant was inadmissible, no notice for its production having been given. When, however, the defendant made the voluntary offer to produce the letter, the matter then stood as it would have done, if a previous notice had been given; the want of notice was at that stage of the proceedings in Court waived. But on failing to find the letter, on a search, no suggestion was made, that he should be able to find it, by having further time allowed therefor, and the objection does not appear by the case to have been renewed after the offer. The basis for the introduction of the contents of the letter by parol, seems to have been laid.

According to the evidence, by Ranney's letter, or in some other manner, the defendant had information of Ranney's wish for permission to cut timber on the land in which he was interested. A message was communicated through Coombs from the defendant to Ranney. The message thus sent, if delivered correctly, is to be treated as a direct statement made to him, and was admissible. Whether the message was sent or not; and if it were sent, whether communicated as it was sent or not; and whether the request of Ranney, and the permission of the defendant, had reference to the same land, were questions for the jury to settle.

It is insisted that the Judge erred in his instructions on the subject of the cutting by Ranney on the gore the previous winter; the jury having been informed that this constituted no defence to the present suit; that at most, it disclosed an unauthorized interference by the plaintiff. The authority given to Ranney by the agent of the plaintiff, to cut the previous winter, and the payment by the plaintiff to the defendant of the proportion belonging to the latter, have no legitimate tendency to prove the right of the defendant to give a similar permission the succeeding year. It does not appear that the cutting under the plaintiff's permission was not wrongful. No evidence is adduced to show it otherwise. The receipt of his proportion of the stump-

age by the defendant, has no tendency to show that the cutting was by his permission. From an act which is apparently wrongful in the plaintiff, no authority to do a similar act by the defendant can be inferred.

There was evidence on the part of the plaintiff, which had a tendency to show, that the defendant was liable in this action; and it was of such a character that the mind might be satisfied that it was sufficient. It was not so feeble or inconclusive as to justify the Court in setting the verdict aside.                    *Exceptions and motion overruled.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.